**IN THE UNITED STATES DISTRICT COURT**
**FOR**
**THE EASTERN DISTRICT OF PENNSYLVANIA**

TANYA ELEY and               :
ALBERT ELEY, H/W          :
                                 :
                                 :
      v.                 :       No. 10-cv-5564
                                 :
STATE FARM INSURANCE COMPANY  :
                                 :

<u>**MEMORANDUM**</u>

**Baylson, J.**                                          **January   , 2010**

Presently before the Court is Defendant's Motion to Dismiss Count II of Plaintiffs'

Complaint, brought pursuant to Federal Rule of Civil Procedure 12(b)(6).  In their suit, filed in

federal court on diversity jurisdiction,[1] Plaintiffs Tanya and Albert Eley have alleged two counts,

first, breach of contract and, second, bad faith conduct arising out of underinsured motorist

("UIM") coverage under an automobile insurance policy issued by Defendant State Farm

Insurance Company ("State Farm").  For the reasons set forth below, the Defendant's Motion to

Dismiss is granted, with prejudice.

## I.    Introduction

### A.    Factual and Procedural History

Based upon the allegations in Plaintiffs' Complaint, which this Court must accept as true

for purposes of Defendant's Motion to Dismiss, the pertinent facts are as follows.  At all times

---

[1] Plaintiffs are Pennsylvania residents.  Compl. at ¶ 1.  Defendant is incorporated and has its principal place of business located in the State of Illinois.  <u>Id.</u> at ¶ 2.

material to the claim, Ms. Eley was insured by Defendant under an insurance policy containing

UIM coverage of $100,000, with stacking on two vehicles for a total of $200,000 in coverage.

Compl. at ¶ 4, ECF No. 1; Pls.' Resp., Ex. A at 2, ECF No. 5.[2]  On June 4, 2009, Ms. Eley

sustained injuries in a motor vehicle collision with a underinsured driver, whose liability policy

was limited at $15,000.  Compl. at ¶¶ 6-10.  As a result of Ms. Eley's injuries and her husband's

alleged loss of consortium, Plaintiffs filed a claim with Defendant on August 20, 2010, seeking

coverage beyond the policy limits offered by the underinsured driver's insurer.  Pls.' Resp., Ex.

B.  Plaintiffs sent a letter to Defendant demanding a settlement amount of $195,000 on August

23, 2010.  Pls.' Resp., Ex. C.  Defendant has, thus far, declined to offer Plaintiffs a settlement or

refer the claim to arbitration.  Compl. at ¶ 13-14.

    As a result of Defendant's refusal to settle the claim, Plaintiffs filed the instant suit on

October 21, 2010.  Count I of Plaintiffs' Complaint alleges that Plaintiffs' State Farm policy was

in effect and carried UIM coverage at the time of the accident, that Plaintiffs complied with

policy requirements and are entitled to coverage, and that Defendant denied their claim.  Pls.'

Compl. at ¶¶ 5-13.  In Count II, Plaintiffs allege that Defendant acted in bad faith contrary to its

statutory duty under 42 Pa. C.S.A. § 8371 by "(a) fail[ing] to negotiate plaintiffs' [UIM] claim in

---

    [2]Plaintiffs have attached this agreement, as well as correspondence related to their
insurance claim, to their Response to Defendant's Motion to Dismiss.  Defendant has not
challenged the authenticity of those documents.  A district court may consider a "document
integral to or explicitly relied upon in the complaint."  In re Burlington Coat Factory Sec. Litig.,
114 F.3d 1410, 1426 (3d Cir. 1997) (citation omitted); see also Pension Benefit Guar. Corp. v.
White Consol. Indus., Inc., 998 F.2d 1192, 1195 (3d Cir. 1993) (holding that "a court may
consider an undisputedly authentic document that a defendant attaches as an exhibit to a motion
to dismiss if the plaintiff's claims are based on the document").  Therefore, this Court will
consider these documents attached to Plaintiffs' Response as they are integral to the complaint.

good faith[;] (b) fail[ing] to properly investigate and evaluate plaintiff[s'] insurance claim[; and] (c) such other acts to be shown through discovery." Compl. at ¶ 18.

On November 11, 2010, Defendant filed this Motion to Dismiss Count II of Plaintiffs' Complaint (ECF No. 4). Plaintiffs responded on December 2, 2010 (ECF No. 5). Defendant filed a reply on December 21, 2010 (ECF No. 11).

## B.    Parties Contentions

Defendant contends in this Motion to Dismiss that Plaintiffs have not alleged sufficient or specific facts to allow this Court to draw the inference that Defendant has acted in bad faith in denying Plaintiffs' UIM claim. Def.'s Br. at 7. Defendant asserts that all of Plaintiffs' allegations related to Defendant's liability under Count II are conclusory and without the factual support required to meet the notice pleading standard set forth in Federal Rule of Civil Procedure 8. Id. at 8. Defendant further contends that this Court should dismiss Paragraph 18(c) of Plaintiffs' Complaint because a plaintiff may not rely on "such other acts to be shown through discovery" as sufficient to determine whether a cause of action exists.

In response, Plaintiffs contend that Defendant have not met the burden of "proving beyond doubt that [Plaintiffs] can prove no set of facts in support of [their] claim that would entitle [them] to relief." Pls.' Resp. at 2. Plaintiffs contend they have alleged that (1) the motor vehicle collision was caused by the negligence of an underinsured motorist; (2) Ms. Eley's policy contained UIM coverage; (3) Plaintiffs fully complied with the terms of the policy; and (4) despite Plaintiffs' efforts, Defendant failed to make an offer to settle the claim. Id. Thus, Plaintiffs assert that they have alleged sufficient facts to state a claim for bad faith because Defendant had no reasonable basis to deny benefits and "knew or recklessly disregarded its lack

of reasonable basis." Id.

## II.    Legal Standards

### A.    Jurisdiction

This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332 because the parties are citizens of different states and the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.

### B.    Standard of Review

A claim may be dismissed under Federal Rule of Civil Procedure 12(b)(6) for "failure to state a claim upon which relief can be granted."   The Court must accept as true all well-pleaded allegations in the complaint and view them in the light most favorable to the plaintiff. Angelastro v. Prudential-Bache Sec., Inc., 764 F.2d 939, 944 (3d Cir. 1985).

Except as provided in Federal Rule of Civil Procedure 9, a complaint is sufficient if it complies with Rule 8(a)(2), which requires "a short and plain statement of the claim showing that the pleader is entitled to relief."  "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (concluding that the "facial plausibility" pleading standard set forth in Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007), applies to all civil suits in the federal courts) (quoting Twombly, 550 U.S. at 570).

In Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3d Cir. 2009), the Third Circuit described Iqbal as requiring a two-part analysis when considering a Rule 12(b)(6) motion.  First, a court separates the facts averred in the complaint from any legal conclusions asserted therein. Fowler, 578 F.3d at 210-211.  All facts pleaded must be taken as true, but any legal conclusions

may be disregarded.  Id.  Second, the court determines whether the facts alleged are sufficient to show that the plaintiff has a "plausible claim for relief."  Id. at 211 (quoting Iqbal, 129 S. Ct. at 1950).

Pleadings must include at least some factual allegations to support the legal claims asserted.  Id. at 210.  "[T]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  Id. (quoting Iqbal, 129 S. Ct. at 1949); see also Phillips v. County of Allegheny, 515 F.3d 224, 233 (3d Cir. 2008) ("We caution that without some factual allegation in the complaint, a claimant cannot satisfy the requirement that he or she provide not only 'fair notice,' but also the 'grounds' on which the claim rests.") (citing Twombly, 550 U.S. at 555 n.3).  Accordingly, to survive a motion to dismiss, a plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Iqbal, 129 S. Ct. at 1949 (citing Twombly, 550 U.S. at 556).

## III.    Discussion

In their Complaint, Plaintiffs allege in conclusory language that Defendant's actions in handing Plaintiffs' UIM claim constituted "bad faith" within the meaning of 42 Pa. C.S.A. § 8371.  The Pennsylvania Legislature promulgated 42 Pa. C.S.A. § 8371 to create a statutory remedy for bad faith conduct by insurers in denying benefits or handling claims, allowing courts to award plaintiffs interest, punitive damages, and court costs and attorneys' fees.  See Terletsky v. Prudential & Casualty Ins. Co., 649 A.2d 680, 688 (Pa. Super. 1994).

In the insurance context, the term "bad faith" concerns "any frivolous or unfounded refusal to pay proceeds of policy."  Toy v. Metropolitan Life Ins. Co., 928 A.2d 186, 199 (Pa. 2007) (quoting Black's Law Dictionary 139 (6th ed. 1990)).  Allegations of a defendant insurer's

"mere negligence or bad judgment" will not suffice to state a claim, id.; nor does an insurer "act in bad faith by investigating and litigating legitimate issues of coverage." Simon Wrecking Company, Inc. v. AIU Ins. Co., 530 F. Supp. 2d 706, 717 (E.D. Pa. 2008) (Brody, J.) (quoting Hyde Athletic Industries, Inc. v. Continental Cas. Co., 969 F. Supp. 289, 307 (E.D. Pa. 1997)). To establish an insurer's bad faith, a plaintiff must demonstrate that (1) the insurer lacked a reasonable basis for denying the benefits under the policy and (2) the insurer knew or recklessly disregarded its lack of reasonable basis. Northwestern Mut. Life Ins. Co. v. Babayan, 430 F.3d 121, 137 (3d Cir. 2005).

　　In Robbins v. Metropolitan Life Insurance Company of Connecticut, No. 08-0191, 2008 WL 5412087, at *7-8 (E.D. Pa. Dec. 29, 2008) (Baylson, J.), this Court ruled on the sufficiency of a bad faith claim brought pursuant to 42 Pa. C.S.A. § 8371 under the heightened pleading standards addressed by Iqbal and Fowler. The plaintiff in Robbins alleged that the defendant insurance company "fail[ed] to objectively and fairly evaluate Plaintiffs' claims; assert[ed] defenses without reasonable basis in fact; unnecessarily and unreasonably compell[ed] litigation; conduct[ed] an unreasonable investigation of Plaintiffs' claims; and unreasonably withh[eld] policy benefits." Id. at 8. The plaintiffs argued in their brief that the defendant's refusal to pay full death benefits was "unreasonable" based on alleged statements by the defendant initially denying the existence of a rider increase. Id. Ruling on a motion for judgment on the pleadings, this Court concluded that plaintiffs had not provided sufficient facts to support their allegations. Id. The Court further concluded that a four month delay in processing a claim is not, "by itself, so unusual or unreasonable to indicate bad faith." Id.

　　Recently, Judge Gardner relied upon Robbins to dismiss a plaintiff's bad faith claim as

insufficient to state a claim under federal pleading standards.  Atiyeh v. National Fire Ins. Co. of Hartford, No. 07-cv-04798, 2010 WL 3825708, at *6 (E.D. Pa. Sept. 27, 2010) (Gardner, J.).  In Atiyeh, the plaintiff averred that the defendant insurance company had "(1) falsely and fraudulently represented that plaintiff had not performed routine maintenance on the premises; (2) unreasonably refused to indemnify plaintiff for his loss; and (2) breached its duty of good faith and fair dealing by: (a) failing to conduct a reasonable investigation, (b) denying benefits to plaintiff without a reasonable basis, (c) knowingly or recklessly disregarding the lack of a reasonable basis to deny plaintiff's claim, or (d) asserting policy defenses without a reasonable basis."  Id.  Judge Gardner found these averments to be "merely conclusory statements and not factual averments" and concluded that such "'bare-bones conclusory allegations . . . do not state a plausible bad faith claim."  Id. at 6-7.

In their Response, Plaintiffs fail to address the heightened pleading standards set forth by Twombly and Iqbal and cite, instead, Conley v. Gibson, 355 U.S. 41, 47 (1957), for the premise that Defendant must prove "beyond doubt that [Plaintiffs] can prove no set of facts in support of [their] claim that would entitle [them] to relief."  Pls.' Resp. at 2.  As the Third Circuit recently pointed out in In re Insurance Brokerage Antitrust Litigation, 618 F.3d 300 (3d Cir. 2010), the Supreme Court's Twombly decision "expressly rejected that premise and retired the 'no set of facts' language from Conley v. Gibson," setting forth the foregoing heightened pleading standard.  Id. at 323.

The extent of Plaintiffs' allegations of bad faith are as follows:

18. There was no reasonable basis for the following acts and omissions of defendant:

    (a) Failure to negotiate plaintiffs' [UIM] claim in good faith.

(b) Failure to properly investigate and evaluate plaintiff[s'] insurance claim.
(c) Such other acts to be shown through discovery.

19. The defendant knew or recklessly disregarded the fact that it had no reasonable basis for its above conduct in handling plaintiffs' [UIM] claim.

20. Defendant's conduct in handling plaintiffs' [UIM] claim constituted bad faith within the meaning of 42 Pa. C.S.A. § 8371.

21. Defendant acted in reckless disregard of plaintiffs' claims and rights and its conduct was willful, wanton and outrageous.

Compl. at ¶ 18-21.

These "bare-bones" allegations are as devoid of factual specificity as those presented in Robbins and Atiyeh. Accepting all well-pleaded facts as true, this Court can merely conclude that (1) Plaintiffs' insurance policy with Defendant provided UIM coverage, (2) Plaintiffs suffered injury and/or loss of consortium as a result of a Ms. Eley's collision with a negligent underinsured motorist, (3) Plaintiffs complied with the terms of the insurance policy in seeking coverage, and (4) Defendant has declined to settle Plaintiffs' claim. Compl. at ¶¶ 4-13. The remaining averments regarding Defendant's alleged bad faith conduct are simply "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements." Fowler, 578 F.3d at 210.

Observing that Defendant has not sought dismissal of the contract claim in the instant case, Plaintiffs attempt to distinguish Robbins on the basis that this Court dismissed the plaintiff's underlying contract claim along with the bad faith claim. However, although this Court found in Robbins that the defendant had a reasonable basis to deny the insurance claim, that finding only provided one basis for dismissal of the bad faith claim. 2008 WL 5412087, at *7-8. This Court also rejected the bad faith claim for the conclusory language of the complaint

and lack of "sufficient facts to support [the] allegations." Id. at 8. It was for the latter proposition that Judge Gardner cited Robbins. 2010 WL 3825708, at *6. Notably, Plaintiffs do not attempt to distinguish Atiyeh in their Response. Further, Plaintiffs have alleged no facts from which the Court can infer Defendants had "no reasonable basis" for either denying benefits or declining to proceed to arbitration and that it knew of or disregarded its lack of a reasonable basis. Babayan, 430 F.3d at 137.

Because Plaintiffs have failed to sufficiently allege facts sufficient to support their bad faith claim, this Court will dismiss Plaintiffs' Count II, without prejudice

## IV.    Conclusion

For all the foregoing reasons, this Court grants Defendant's Motion to Dismiss Plaintiffs' Count II. An appropriate Order follows.

A:\Eley v. State Farm Insurance Co 10-5564 MTD MEMORANDUM.wpd